Good morning, and may it please the court. I'm Jessica Oliva with Federal Defenders of San Diego on behalf of the appellant, Mr. Maico Sanchez. I'd like to reserve two minutes for rebuttal, and I'll do my best to keep track of time. Your Honors, in this case, after considering all of the relevant sentencing factors, the District Court imposed a 12-month sentence. Yet moments later, when it learned that Mr. Sanchez had not agreed to waive appeal, it increased that sentence to 18 months. Can I ask you a technical question that you just prompted? Did the court impose a 12-month sentence, or did it say, I intend to impose a 12-month sentence? Your Honor In other words, I'm looking at this record. I'm not sure that the court actually imposed either the 30 or the 12 in its initial statements, but then came back and did them. The court certainly imposed the 30-month sentence in the new case because it treated both hearings separately, as it should. We take the position that it imposed a 12-month sentence because it articulated that it was the sentence that was sufficient but not greater than necessary to meet the sentencing goals. And then that's why it turned to the next question, if Mr. Sanchez had waived appeal or not. And so the sentencing portion had been concluded at that point, where our position is that it had imposed a 12-month sentence. But you're not making an argument that there was some sort of finality that prevented the second? Not a procedural finality, Your Honor. So here's what's troubled me about this case, and I can't find out the answer to it, so maybe you can help me. Could a judge give a defendant credit for accepting responsibility because of an appeal waiver? So that puts me to my second point, Your Honor, regarding the appropriately consider whether it's Make it your first point. Certainly, Your Honor. It's whether the court can consider at all the lack of an appellate waiver. No, I'm asking a different question. Because I want to turn to the lack, but my question is, can the court, can somebody comes in and can the judge say, well, you've waived your right to appeal. I regard that as acceptance of responsibility, and I will give you credit for in sentencing. Is that, I can't find any case that deals with that. What's your view on it? There are no cases. It's our position, Your Honor. In fact, I don't think this court has addressed, but their district court can take that into consideration within their sentencing discretion. It's our position that they can't. And in particular, because it's not a true reflection of the, in this case, Mr. Sanchez's contrition. It's, in fact, merely a reflection of whether judicial resources will be conserved. In this case, it's particularly problematic, which is why we're urging the court here to find that it was an inappropriate consideration, because the punishing for not conserving or for not waiving these rights is what presents a sort effect on the exercise of this right. The court, or the district court, or the government, and I go back and forth on whether this was punishing Mr. Sanchez or whether this was a withdrawal of the sentencing benefit. But I don't think there was any dispute that what happened was that it resulted in an increased sentence. There's also no dispute that just prior to that, the district court never once referenced the belief that it thought there was a global appellate waiver here. It, in fact, had credited Mr. Sanchez about his contrition and his sincere elocution. And then when it increased the sentence, the only thing that had changed is that the district court at that point had learned that he had not waived appeal. And so we do think that it inappropriately considered the lack of appellate waiver in this case to increase the sentence. Well, there's no doubt that it considered it. I think this record makes it clear. I'm just, I'm trying to, I guess it's the government's argument I'm trying to explore with you. Let's assume that the judge took the bench and said, I'm going to give you a 12-month sentence because this was only your first offense. And then he said, oops, I've just discovered it was your second, so I'm going to increase it to 16. He gave him credit for a lack of criminal record and then increased it when he discovered the right facts. I think that would probably be okay. I would agree. And so I'm still trying, I'm still wondering whether or not, I take your point that this doesn't really show contrition or remorse. But I've seen plenty of defense lawyers argue to district judges that, gee, my client pleaded guilty and waived his right to appeal, and you ought to take those things into account and give him a lesser sentence. Certainly. I think what's missing here is the discussion of how it relates to acceptance of responsibility or how it relates to contrition. There really is no follow-up from the district court that indicates that that's what it's being tied to. Here, in fact, it's just, it seems like the court or district court, it's overly concerned with the conservation of judicial resources, independent from Mr. Sanchez's contrition or not. But in any event, as we noted, there is no case law that allows a court within its judicial discretion to consider the presence of an appellate waiver. We think it's inappropriate to do so because it has a chilling effect on that exercise of rights. I think this court has actually suggested in Gonzalo's mail court why that's particularly problematic when it results in an increased sentence. But in any event, if this court is not inclined to find that it's sort of across the board as an inappropriate factor to consider, I think the weight that the district court here assigned to that factor ended up in a substantively unreasonable sentence. Counsel, didn't the government ask for 18 months? The government did, Your Honor. So the defendant was on notice that it could be 18 months. Certainly it was on notice, Your Honor. And the trial judge emphasized the breach of trust involved since this was now the second crime of a similar nature from the prior. Couldn't all of that be taken into consideration? It could, which relates to our first procedural error argument, Your Honor. We by no means are to a degree the seriousness of the new law offense. But here, the district court engaged that entire analysis when it imposed a 12-month sentence. In fact, it was the reason why it rejected our request to run the sentence partially concurrently. It said, I gave you some leeway at the new case. But in this case, it's a reflection of the breach of the court's trust. And so the court appropriately engaged in that analysis when it imposed its 12-month sentence. But when it imposed the 18-month sentence, it focused on themes of punishment, which we're saying is a step too far in this case. The district court immediately turned the conversation back to the sentence it imposed in the new offense. It called the 30-month sentence and said that it had been given Mr. Sanchez leeway and latitude in the new case. It referenced its, quote, tough sentencing practices and sort of boasted about its reputation within the district. And it said, in fact, I'm not going to go back on the sentence that I've already imposed. But I'm going to, in that case, believe that this is a sufficiently egregious violation. And so that, we think, is really intertwined and intermingled with themes of punishment. Can we take into account the fact that six of the 18 months is concurrent? It is not, Your Honor. The judge ran the entire sentence consecutively. Is that right? Correct, Your Honor. Our request was to partially run six of those months concurrently, which the district court specifically rejected because of the nature of the violation. And, Your Honor, I think the court can reverse and vacate the sentence and remand to the district court on both procedure errors because the court unduly and over-relied on the severity of the new law offense, as well as punishment in imposing the sentence. But also, as Your Honor has hit, the court inappropriately considered the presence of an appellate waiver at all. And finally, to the extent that the court is not ready to make that decision, I think we can reach remand by finding that the sentence itself was unreasonable. As I stated, the district court imposed 12 months, given the severity. Stop there. It's the guideline sentence for this offense, is it not? It is the guideline sentence, Your Honor. So why is it unreasonable? Because of the weight that the district court assigned these factors. When it imposed the 12 month sentence, it considered the severity of the new law offense. How do we know what weight it assigned the other factors? I can isolate, perhaps, the weight it may have assigned to the appellate waiver, but the court just mentioned a bunch of factors. It didn't say the most important factor is the seriousness of the crime. It mentioned a bunch of factors, all of which it was entitled to mention, because the seriousness of the crime does go to the breach of trust. So I have difficulty with that argument. Tell me why I'm wrong. And I'd like to answer your question. I just want to note I'm running out of time, so I just want to answer your question. Your Honor, because here, unlike in most cases, particularly the ones that the government cite, we actually see the court impose the 12 month sentence based on all of the factors. It takes into account that it's a grade A violation. It comments on the severity and the seriousness of the nature of violation. It mentions the fact that it takes into account Mr. Sanchez's mitigating factors. Judge Watford will probably give you an extra minute because he's such a nice guy. But you're the one who brought this up into your two minutes, so let me raise the question. I understand your argument that considering the appellate waiver makes the sentence inappropriate. I don't understand your argument about the rest of the things that you think he inappropriately weighed. And that's what I was asking about. Oh, no. My substantively unreasonable argument goes to the appellate waiver. Only to the appellate waiver. Yes. To clarify, it's that the district court essentially assigned a very limited appellate right because Mr. Sanchez here had admitted to the violations. And so the appellate right was very limited. Had assigned essentially 50 percent of his entire sentence. And so we're saying that weighing of the factor was substantively unreasonable. I have one question for you about Reyna Rodriguez. I'm assuming that that's the case our district court judge must have been thinking about, given that he authored it. And it seems to me it's probably the strongest support for the government's position here. So I just wanted to give you a chance to say a few words about that case. Certainly, Your Honor. I think perhaps it was the case that it maybe was referring to. I think that Reyna Rodriguez, however, is very different. Reyna Rodriguez is more about and you compare it to someone who pled pursuant to a government-sponsored program like Fast Track, for example, in the District of Arizona. In that case, the district court, when it referenced the existence of an appellate waiver, was merely commenting on why a sentencing disparity perhaps may exist between Reyna Rodriguez's sentence and those who had pled pursuant to a Fast Track program. In no way did the Ninth Circuit weigh and then determine that it was appropriate for the district court within its own discretion to consider the existence of an appellate waiver. It was merely saying that in endorsing the fact that sentencing disparities may exist, but when it comes to government-sponsored programs, it's a warranted sentencing disparity. Okay. Very good. We'll give you a little bit of time for rebuttal. Let's hear from the government. May it please the Court. Benjamin Hawley for the United States. Picking up on that last point, Reyna Rodriguez could not have come out the same way, could have not reached that factor. If it were, then this Court would have necessarily done at least a different analysis and probably come out differently. We know the same thing from Gonzales-Melkor. Can I just say a few more words on that point? I don't understand why, just eliminating sentencing disparities, that seemed to be the driving focus of the analysis. Why would it have come out differently? Because the court in that case, the district court in that case, specifically referenced the reason I'm not going to match these other sentences or get in that range is because there was not a plea agreement in this case and not a waiver of appeal in this case, unlike those others. So if the court was not allowed to consider waiver of appeal as a valid factor, that necessarily kind of knocks out that half or that portion of the district court's analysis there. So I don't think just focusing on the disparities would have resolved that issue or would have resolved that question. This Court has also, consistent with other circuits, said the same thing, again, in the context slightly different of the government's giving acceptance of responsibility. I don't find those cases particularly helpful because what they say is, look, the government's not required to make this additional motion. If you make their life more difficult by appealing and making them use resources, they can make the discretionary decision not to do that. It doesn't tell me that it's an appropriate sentencing factor. So it's not just, I agree that the case is focused on the use of resources and the government's in that regard. But in the Johnson case from 2009, quoting the Fifth Circuit case, they said that a defendant who has not waived appeal has not accepted responsibility in a way that ensures swift punishment in a timely manner. And that's separate. Well, and that's what I wanted to ask you. In this case, and we're only talking about the supervised release, the defendant admits responsibility. He admits the violation of supervised release terms. All that an appeal would involve is the length of a sentence, if you will. Why are you not admitting responsibility under that circumstance? A sentence is going to be immediately imposed. You're going to serve it. You can litigate while you're in jail whether or not the judge erred in making it as long as he did. I'm not sure why length of the sentence diminishes your acceptance of responsibility. Tell me how it does. Sure. And I think that's why the district court here said he considers it acceptance of responsibility plus. So it's not the only... I know he said plus, but the only box he put it in was acceptance of responsibility, whether it was the plus box or the acceptance box itself. So the question still remains. Why is giving up the right to attack the length of the sentence, which is all the appeal waiver deals with, an acceptance of responsibility for the offense? Because it goes to the defendant's acceptance of essentially the finality of it. And again, I would just turn back to this court's quotation in Johnson, again, citing the Fifth Circuit. Again, that's albeit in the government context, but the point remains that the defendant in that may be. And again, a lot of judges, this court and many other judges may not consider this to be an important factor or one they would give any weight to. But the issue is whether a court can give any weight to it. And I think the answer there based on the precedent is yes. And then how much weight it gives us within the... Is there any case that actually says that? I mean, I know you imply it out of Reyna Rodriguez because of what the district court did. And again, I'll admit as I did to go get your friend that I can't find one. Is there anyone So there's none in this precise context. But again, we would rely on the cases we've already cited, Johnson, and then again, kind of by negative inference, essentially from Gonzalez-Melkor, where again, our argument would be the analysis would have come out differently had the court not been, if that were a prohibited factor. Instead of this court spending quite a bit of time going into whether the district court was negotiating with the parties, what that means, if that's prohibited in this context, would have been a lot faster to say, it doesn't matter what the court was doing, that's a prohibited factor. I'm not sure it's not just easier just to say you can't negotiate. I don't really understand the factual inference that you want us to draw. Let's say that the government never even requested an appeal waiver as to the supervisor release case. The fact that there's not one in the plea agreement, it doesn't say anything about whether the defendant is fully prepared to accept responsibility and accept the finality of punishment and the like. Well, I think in terms of what the is allowed to kind of delve into that or get into that. So all the court had here was whether there was appellate waiver. And we know that the court was concerned with it. But my point is, if you don't know anything about the negotiating history, there's no reliable inference the district court can draw from the mere absence of an appellate waiver in the plea agreement. I mean, what we know is that the defendant did not waive appeal. And at the hearing, because maybe you never asked, maybe you didn't care because it only related to the sentence and it was going to be 1218, who cares? We don't really think extracting an appellate waiver here isn't important to the government's interest from a negotiating position. I'm just saying that the judge gets the plea agreement. There happens, there is an appeal waiver in the other one because maybe that was an important bargaining point. There isn't one here. The judge wants to draw a negative inference against the defendant because, well, apparently you haven't really fully accepted responsibility. I'm saying, why is that even permissible in this context? Because the court can consider, I mean, first of all, just on the facts of this case, and then I'll move more broadly. On the facts of this case, I think the defendant could have said, you know, through counsel, give us a moment here, and if waiver or if appeal wasn't important, could have waived it live. I think after reading Johnson, I would be very wary as a trial judge under that circumstance to say, well, okay, then I'll give you the lesser sentence, because now I've involved myself in the bargaining process. I definitely agree that it would have to be done carefully. I think it could be done, but I take the Court's point there that that's you're getting into dangerous waters, potentially, in terms of the negotiation. But more broadly, the defense can suggest this kind of on the front side, too, right? This is not just the government saying these are the terms, accept or reject. The Court has the information in front of it that it has. And again, here we know this district court was particularly concerned with acceptance specifically and waiver, because at the very beginning of the sentencing hearing, he asked, what are the terms of the plea agreement? So as the defendant, I'm supposed to, I guess, I don't know how I'm supposed to figure this out, but this particular district judge finds it, you know, it's worth six months to me if I agree to this. And so I'm just supposed to volunteer. Oh, hey, I have the draft of the plea agreement you sent me. There's no appeal waiver. Please put one in, because this judge is otherwise going to punish me for not having waived the appeal rights. That doesn't make any sense. I mean, I think the judge has the facts that are in front of it. And again, I don't think a judge has to find waiver of appeal to be important. I think a judge can find it important to some level, and this judge did. What I'm saying is there's nothing for the judge to infer against the defendant in this context, unless, I think, it was somehow a negotiated point. You asked for it. The defendant resisted because, I don't know, then maybe, maybe you could draw some inference that the defendant hasn't accepted responsibility to that plus element that the district court apparently wanted here. But in the absence of knowing anything about that, and here the inference is permitted. And I guess we would disagree on that inference point, Your Honor. The court here, again, relying on those cases that I've cited before, I think the court can take that into account. The inference that it draws from the facts in front of it, I think that is a valid inference here. I understand the court's concern in that regard. There's also the risk, again, like I said, that the court would be getting into, kind of delving into the parties' negotiations, and that's potentially risky as well. Well, the court can certainly inquire. Did you offer, you know, did you ask him to waive his right to appeal? Yes or no? Did you offer to waive your right to appeal? I mean, the court can't negotiate a new deal, but it can certainly ask. Yes, I agree with that. Can you address the last point that I didn't understand until your friend corrected me? The judge says this is an acceptance plus, as you say. But it increases the sentence by a third. Six months, yes. Yeah, it's a big plus, isn't it? So here it goes from the low end of the guidelines to the high end of the guidelines, and it's a six-month delta. So substantively, even if you can consider it, is this too big a plus? I don't think so. And I do agree there at some point there would be, right? There is some number where — If he gave them the maximum amount based solely on this, you'd agree we'd have a problem? I think so, or similar to Gonzales-Melkor, where it went from 48 months to 70. Like, that was obviously a big jump. Here we have low end to high end. Government probation, we're both recommending high end. In fact, the district court has said, I came in planning to give the high end on both the new offense and the supervised release offense. You kind of talked me down. So as to the new offense — yes, to the new offense, I don't think a court can or should necessarily be expected to say this is worth six months as opposed to five or seven and kind of get — Well, but we know it's worth six here. Right. We know — I mean, on this record, we know it's a six-month. What I mean is, as opposed to five or seven or some — like, that level of precision, ultimately kind of weighing the totality of the circumstances, I don't think a court can be that precise or necessarily needs to be that precise. So I agree there's a number at some point where it becomes substantively unreasonable. We're just not there going from low end to high end at that six-month delta in the government's view. Okay. All right. Thank you. Thank you very much. Let's put two minutes on the clock for rebuttal. Thank you, Your Honor. Just briefly to respond to two points. Picking up on where we left off, I think the court — what it's getting at is — or what our position is, it's about proportionality when it comes to a substantively reasonable sentence. And so a 50 percent increase, which the court imposed here, isn't a proportional sentence or an adequate weighing of the factors. Certainly, we can't expect a district court in every sentencing to say 20 percent for acceptance, 20 percent for the new law offense. But we can expect a district court to give meaningful and valid consideration to the these factors here simply does not meet that parsimony principle. In terms of the cases that the government relies on, specifically Johnson, I think it's worth noting that these are pre-amendment guideline cases, a guideline which then permitted the government to take into account the lack of appellate waiver when recommending additional points of acceptance or responsibility. Since then, though, the Sentencing Commission amended the guidelines to prohibit the government from taking that into account. So I think it's quite telling that if the government itself can't consider this factor to assess a defendant's acceptance or responsibility, then I don't think it is appropriate for a court to do so as well. Well, or one could read the amendment to simply say, I want to take this issue out of the hands of the government. In other words, it may be appropriate for the trial court to look at the factor, but I don't want the prosecutor controlling the sentencing in this way. If that's the case, Your Honor, that's still not what the district court did here. Because again, the district court didn't try to tie it truly to Mr. Sanchez's contrition and acceptance of responsibility. In fact, we discussed the many steps that he took to accept responsibility. When he was arrested, he admitted to the offense during a post-arrest statement. When he pled guilty, he admitted to the factual basis. When he met with probation, he admitted to his involvement. And so the district court was very well aware of the many steps that Mr. Sanchez took to take responsibility, as well as commented on the sincere allocution that he provided at the sentencing hearing. As a result, Your Honor, we're asking the court to make the sentence and remand. Thank you very much. Thank you. The case just argued is submitted.
judges: O'SCANNLAIN, WATFORD, HURWITZ